Alcoholic Beverages — Purchases — Checks — Credit Cards The acceptance by a retail liquor store of a general use credit in lieu of actual payment constitutes the extension of credit in violation of 37 O.S. 537 [37-537](c)(5) (1961); but the acceptance by a retail liquor store of a check which is guaranteed by the described bank card plan does not by itself constitute an extension of credit in violation of 37 O.S. 537 [37-537](c)(5). The Attorney General has had under consideration your letter dated January 9, 1969, wherein you request an opinion on the following questions: "Does the acceptance by a retail liquor store of general use credit cards (i.e., Bank Americard, Carte Blanche, etc.) constitute the extension of credit, in violation of Title 37 O.S. 537 [37-537](c)(S) (1961). "Does the acceptance by a retail liquor store of a credit card which by its terms guarantees that a customer's check is good or if not the credit card company will cover the check up to a certain amount, constitute the extension of credit in violation of Title 37 O.S. 537 [37-537](c)(5) (1961)." Title 37 O.S. 537 [37-537](c) (1961), provides: "No person holding a package store license under this act shall: . . . . "(5) Sell any alcoholic beverage on credit." The word "credit" as used in Section 537, supra, has never been defined in any published cases of our Oklahoma courts. Black's Law Dictionary 440 (Fourth Edition, 1951), defines credit as "Time allowed to the buyer of goods by the seller in which to make payment for them." With reference to your first question, William v. U.S.192 F. Supp. 97 (D. Calif.), discusses credit cards as follows: "A credit card is nothing more than an indication to seller of commodities that the person who has received a credit card from the issuer thereof, has a satisfactory credit rating and that if credit is extended the issuer of the credit card will pay (or see to it that the seller of the commodity receives payment) for the merchandise delivered." Title 21 O.S. 1550.1 [21-1550.1] (1961), defines a credit card as follows: "The term credit card as used herein means an identification card or device issued to a person, firm, or corporation by a business organization which permits such person, firm or corporation to purchase or obtain goods, property or services on the credit card of such organization." Considering the above, it becomes obvious that the use of a credit card is a type of deferred payment and is no less credit because a third party guarantees its payment. Wherefore, in answer to your first question, it is the opinion of the Attorney General that acceptance by a retail liquor store of the described credit card in lieu of actual payment constitutes the extension of credit in violation of Title 37 O.S. 537 [37-537](c)(5) (1961). Your second question differs from your first in that it contemplates a card which by its terms guarantees that a check given in payment by a customer is good. To answer the second question, a determination must first be made whether the acceptance of any check by a retail liquor store constitutes credit as contemplated by Section 37 O.S. 537 [37-537](c)(5), supra. An ordinary bank check given to a retailer is a deferred payment as by its terms it only promises that a bank will pay the payee. However, the Oklahoma Alcoholic Beverage Control Act of 1959, gives at least tacit approval to the use of checks. Title 37 O.S. 535 [37-535] (1961), provides: "It shall be unlawful for any manufacturer, wholesaler, class B wholesaler, or person authorized to sell alcoholic beverages to a wholesaler or any employee, officer, partner, or agent thereof directly or indirectly; . . . . "(6) To extend credit to any retailer other than holder of Federal Liquor Stamp on United States Government Reservation and installation. The acceptance of a post-dated check or draft or the failure to deposit for collection a current check or draft by the second banking day after receipt, or the failure to report to the Director, within two business days, the fact that a retailer's check or draft has been dishonored for payment shall be deemed an extension of credit." A reading of Section 37 O.S. 535 [37-535], supra, indicates that the writers of the Act did not consider a check when properly dated and presented to be an extension of credit . The card considered in your second question guarantees to a retailer that the customer's check is good. This guarantee would not cause the acceptance of a check to become an extension of credit. However, as with any check, the retailers acceptance of a guaranteed check must be in good faith and cannot be accepted with the intent to defer payment other than for the period of the normal processing. Therefore, in answer to your second question, it is the opinion of the Attorney General that the acceptance by a retail liquor store of a check which is guaranteed by the described bank card plan does not by itself constitute an extension of credit in violation of Title 37 O.S. 537 [37-537](c)(5) (1961). (David L. Russell) ** SEE: OPINION NO. 77-264 (1977) **